UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| REBECCA DOW, | : | |
| --- | --- | --- |
| Plaintiff, | : | |
| v. | : | File No. 1:09-CV-216 |
| US AIRWAYS, INC., | : | |
| Defendant. | : | |

MEMORANDUM AND ORDER
(Paper 18)

I.  Introduction

Plaintiff Rebecca Dow brings this action against her former employer, Defendant US Airways, Inc. (US Airways), claiming she has suffered gender and age discrimination and retaliation. (Paper 7.) US Airways removed the action to this court based on diversity jurisdiction. (Paper 1.) Dow moves to compel responses to interrogatories and requests to produce. (Paper 18.) For the reasons set forth below, the motion is DENIED.

II.  Background

Dow was a shift manager for US Airways at the Burlington International Airport. Her complaint alleges that she was subjected to retaliation and ultimately termination in violation of the Vermont Fair Employment Practices Act. Further, Dow alleges US Airways failed to adhere to its open door policy and bypassed its policy and practice of providing progressive discipline and requiring just cause for termination.

1

See Paper 1. US Airways is an international airline employing over 31,000 people worldwide. (Paper 20 at 1.)

On December 11, 2009, Dow sent US Airways interrogatories, requests to produce, and requests to admit. US Airways responded to the discovery requests -- later supplementing its response -- and asserted various objections. Dow was not satisfied with the response and the parties failed to resolve the outstanding issues amicably. Ultimately, Dow filed the instant motion to compel responses to three specific interrogatories and requests to produce. (Paper 18.)

III. Discussion

The scope of discovery is broad but limited to "any nonprivileged matter that is relevant to any party's claim or defense . . . [and] appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "[A] court must limit the frequency or extent of discovery otherwise allowed . . . if it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefit." Id. 26(b)(2)(C).

The requests to which US Airways object each purport to request company-wide information. Even if Dow is willing to cabin her requests to cover employees in the United States only, i.e., nation-wide, see, e.g., Papers 18 at 3; 21 at 2, the requests are not likely to lead to admissible evidence relevant to her substantive claims. She argues her discovery request 6[1] is relevant to a "pattern or practice" claim. (Paper 18 at 3.) Such a

---

[1] "Identify any and all complaints or claims of employment discrimination, including any administrative claims, brought against defendant within the past 10 years. Identify each person making the claim, their position, the particulars of the

2

claim, however, is not alleged in her Complaint.  Accordingly, the requests fail the "reasonably calculated" test because this discovery could not directly bear on her current claims.

Dow's argument in support of her request 7(g) does not explain how the "[r]ecords of all disciplinary proceeding[s] and/or discharges of any US Airways employee for insubordination," would be relevant to her supervisor's allegation of insubordination which Dow asserts was retaliatory.  (Paper 18 at 4.)  Further, discovery of other disciplinary proceedings or discharges would not bear on "whether US Airways conducted a fair, thorough and impartial investigation" of her supervisor's allegation of Dow's insubordination.  Id.

Further, even if Dow made a compelling argument for the relevance of the requested discovery, the Court would be constrained to limit the discovery under Rule 26(b)(2)(C).  Dow's discovery request 5 seeks detailed information on, and all documents relating to, "all individuals employed by [US Airways] in other positions of comparable grade or responsibility to that held by [Dow]" over a five year period.  (Paper 18 at 2.)  Such company or nation-wide discovery would impose a heavy burden and substantial expense on US Airways without a concomitant benefit to the action.  See, e.g., Bellinger v. Astrue, No. CV-06-321, 2009 WL 2496476 (E.D.N.Y. Aug. 14, 2009) (limiting discovery where complying would substantially burden defendant though regional office had only 200 employees).

---

claim, and the resolution of the claim including the payment of any settlement." (Paper 18 at 3.)

IV. <u>Conclusion</u>

Plaintiff Rebecca Dow's Motion to Compel (Paper 18) is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 28th day of April, 2010.

<u>/s/ J. Garvan Murtha</u><br>
Honorable J. Garvan Murtha<br>
Senior United States District Judge